IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARCIA E. LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-869 WDS |
| | ) | |
| JAMES R. KRUPP and SCHNEIDER TRANSPORT, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Currently pending before the Court is Defendants' Motion to Strike the Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(f). For the reasons stated below, the motion (Doc. 22) is **DENIED**.

Defendants ask the Court to strike certain allegations from the amended complaint that refer to the standard of care required by drivers of motor vehicles under Illinois law, because, they argue, the complaint misstates the law.

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is prejudicial. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial."). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue

burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). The determination whether to strike material under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

Based on these standards, the Court finds that the disputed statement of the law constitutes neither an "insufficient defense" nor "redundant, immaterial, impertinent, or scandalous matter." Moreover, a motion to strike under Rule 12(f) is not an appropriate vehicle for resolution of the disputed legal standard. *See Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F.Supp.2d 313, 324-25 (N.D.N.Y. 2003); *Drewett v. Aetna Cas. & Sur. Co.*, 405 F.Supp. 877, 878 (W.D. La. 1975); *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 575 (M.D. Fla. 1993).

Accordingly, Defendants' Motion to Strike the Amended Complaint (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 10, 2009**

                                                      **s/*Donald G. Wilkerson***
                                                      **DONALD G. WILKERSON**
                                                    **United States Magistrate Judge**