IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCIA E. LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-869 WDS |
| ) | |
| JAMES R. KRUPP and SCHNEIDER ) | |
| TRANSPORT, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Currently pending before the Court is Allstate Insurance Company's Motion to Intervene in the action (Doc. 32). For the reasons set forth below, this motion is **GRANTED**.

### BACKGROUND

Plaintiff Marcia E. Logan brought this action in an Illinois court alleging negligence by Defendants James R. Krupp, and his employer Schneider Transport, Inc., for causing a motor vehicle accident in which Plaintiff was injured. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446 based on the diversity of citizenship among the parties. Allstate Insurance Company, as the insurer of Plaintiff's vehicle that was involved in the accident, now seeks to intervene in the matter pursuant to Fed. R. Civ. P. 24. Allstate submitted its proposed subrogation complaint with the motion. Defendants object to Allstate's Motion to Intervene arguing that Allstate's complaint does not sufficiently establish subject matter jurisdiction founded upon diversity under 28 U.S.C. § 1332 (Doc. 34). Allstate filed a reply to which it attaches an amended subrogation complaint establishing that Allstate is a citizen of the State of Illinois and is an Illinois corporation with its principal place of business in Illinois and that Defendants James R. Krupp and Schneider Transport, Inc., are residents of the state of Wisconsin (Doc. 38). Thus, Allstate argues

that diversity is present and that Marcia Logan's claims satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332.

## DISCUSSION

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention of right: "on timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Rule 24(b)(1) allows a court to permit anyone to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact." The Seventh Circuit Court of Appeals has clarified that courts, in evaluating motions to intervene, are to take into consideration "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Southmark Corp. v. Cagan*, 950 F.2d 416, 419 (1991).

Allstate's subrogation interest satisfies the text of Rule 24(a) because (1) it paid its insured for injury caused in the accident that is the subject matter of the suit; (2) the ultimate disposition of the action may adversely affect its ability to recover amounts already paid; and (3) the Plaintiff does not adequately represent its interests. The Seventh Circuit has recognized that a partially subrogated insurer may intervene in an action brought against a tortfeasor "to protect is pro rata share of the potential recovery." *Krueger v. Cartwright*, 996 F.2d 928, 932 (7th Cir. 1993).

With respect to the availability of supplemental jurisdiction over Allstate's claims, the Court provides the following text from the statutory source of supplemental jurisdiction, 28 U.S.C. § 1367:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the

> district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367.

According to the Seventh Circuit, the above-cited text prevents a court from exercising supplemental jurisdiction over claims brought by an intervening plaintiff against a party of mutual citizenship when that court's basis of federal jurisdiction over the original claims derived from 28 U.S.C. § 1332. *See TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 634-635 (2003). Put another way, when federal jurisdiction is predicated solely on diversity, a Rule 24 plaintiff may only assert claims against defendants with which it shares no citizenship. *Id.*

Allstate, as an intervening plaintiff here, asserts claims against James R. Krupp and Schneider Transport, Inc., both citizens of Wisconsin. Because Allstate's Amended Subrogation complaint clarifies that it is a citizen of Illinois and an Illinois corporation with its principal place of business in Illinois, there is no jurisdictional defect created by its intervention under § 1367 and the Court is free to exercise supplemental jurisdiction over Allstate's claims brought under Rule 24.

## CONCLUSION

Accordingly, because Allstate satisfies the requirements set forth in Rule 24, and because the Court may exercise supplement jurisdiction over its claims pursuant to § 1367, the Motion to

Intervene (Doc. 32) is hereby **GRANTED**.  Allstate is directed to electronically file its Amended Complaint (submitted at Doc. 38) by **January 20, 2010.**

**IT IS SO ORDERED.**

**DATED: January 15, 2010**

                                                     s/ *Donald G. Wilkerson*
                                                     **DONALD G. WILKERSON**
                                                     **United States Magistrate Judge**